IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BESNIK DACI,<br><br>                    Petitioner,<br><br>          vs.<br><br>DAVID EASTERWOOD, Director, United States Immigration and Customs Enforcement St. Paul Field Office, in their official capacity; TODD M. LYONS, Acting Director, United States Immigration and Customs Enforcement, in their official capacity; MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, in their official capacity; PAMELA BONDI, Attorney General of the United States, in their official capacity; DONALD J. TRUMP, President of the United States, in their official capacity; and WARDEN OF MCCOOK,<br><br>                    Respondents. | **4:26CV3114**<br><br><br>**MEMORANDUM AND ORDER ON FEDERAL RESPONDENTS' MOTION TO DISMISS FOR MOOTNESS** |

In a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Petitioner Besnik Daci, a citizen of Albania and longtime resident of the United States, challenged his detention by Immigration and Customs Enforcement (ICE) without any opportunity to contest his detention through a bond hearing after his arrest in Iowa on and disposition of state criminal charges. Filing 1 at 1 (¶¶ 1–2), 4 (¶ 12). He contended that the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), addressed a statutory question of detention under 8 U.S.C. § 1225 or 8 U.S.C. § 1226, but did not preclude a constitutional claim like his. Filing 1 at 2 (¶ 3). Federal Respondents[1] filed a Motion to Dismiss for Mootness asserting that Daci has now been ordered removed and waived appeal of his removal order, so that he is mandatorily detained under 8 U.S.C.

---

[1] There is no evidence in the record that the State Respondent was ever served with the Petition in this case. Only counsel for the Federal Respondents has appeared and filed their Motion to Dismiss. Filing 5; Filing 6.

1

§ 1231, and his habeas petition is moot. Filing 6. Daci filed no opposition to Federal Respondents'

Motion. For the reasons stated below, Federal Respondents' Motion is granted.

## I.   INTRODUCTION

The local rule applicable to motion practice clearly states the deadline for Daci's opposition

to Federal Respondents' Motion. NECivR 7.1(b)(1)(B). Another part of that rule, NECivR

7.1(b)(1)(C), states the consequences of his failure to file an opposition as follows: "Failure to file

an opposing brief is not considered a confession of a motion but precludes the opposing party from

contesting the moving party's statement of facts." Thus, Daci forfeited the opportunity to contest

any of Federal Respondents' statements of facts in support of their Motion to Dismiss, but the

Court must still consider the merits of that Motion.

The facts that Daci cannot now contest are related to matters that occurred years prior to

the facts alleged in his Petition and matters concerning Daci's immigration proceedings after his

detention by ICE. Federal Respondents' statements of fact are based on a Declaration of

Deportation Officer Jonathan Havlicek and immigration records that he reviewed, some of which

Federal Respondents also submitted. Filing 8.[2]

Daci alleged that he is a citizen of Albania, but he has resided in the United States for over

twenty years and has a pending asylum application. Filing 1 at 4 (¶ 12). Federal Respondents

submitted evidence that Daci entered the United States at an unknown location on an unknown

date and that he was not admitted or paroled into the United States by an immigration officer.

Filing 8 at 3 (¶¶ 13–14). On March 16, 2016, Daci filed an Application for Asylum and for

Withholding of Removal, Form I-589, with the United States Citizenship and Immigration Service

---

[2] The Court can properly consider those immigration records on a Motion to Dismiss asserting a factual challenge to subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) ("When the moving party makes a factual attack on the court's subject-matter jurisdiction, as the [Government did] here, the district court may look outside the pleadings and weigh evidence." (quoting *Two Eagle v. United States*, 57 F.4th 616, 620 (8th Cir. 2023)).

(USCIS). Filing 8 at 3 ¶ 15). On January 28, 2020, USCIS issued Daci a Notice to Appear, Form I-862, and on November 28, 2023, an immigration judge (IJ) granted a motion to dismiss proceedings without prejudice. Filing 8 at 3–4 (¶¶ 16–17). Daci alleges that he was issued an Employment Authorization Document as an asylum applicant that is valid through October 24, 2029. Filing 1 at 4 (¶ 12).

Daci alleges that he was arrested in Iowa on state felony burglary charges at some point in 2025, but those charges were dismissed on February 24, 2026, when he pleaded guilty to a misdemeanor charge of Criminal Mischief 4th Degree involving property valued between $300 and $750. Filing 1 at 1 (¶ 1), 6 (¶ 23). He alleges that he was sentenced to 179 days in jail with credit for time served. Filing 1 at 1 (¶ 1). Daci alleges that following resolution of his state criminal case, he was placed in ICE custody where he has been detained without the opportunity for bond, because when he requested a bond redetermination hearing before an IJ, the IJ denied that request for lack of jurisdiction. Filing 1 at 6 (¶¶ 24–25). At that point, the evidence submitted by Federal Respondents takes over the story.

ICE had encountered Daci on August 27, 2025, in the Pottawattamie County Jail in Council Bluffs, Iowa, interviewed him, and determined that an immigration detainer should be lodged against him. Filing 8 at 4 (¶ 18). Daci was released to ICE custody on February 25, 2026, and ICE detained him pursuant to Immigration and Nationality Act (INA) § 235(b)(2)(A) and placed him in removal proceedings. Filing 8 at 4 (¶ 19). Specifically, Daci was charged under INA § 212(a)(6)(A)(i)(I), as an alien present without admission or parole, and under INA § 212(a)(7)(A)(i)(I), as an alien present without proper documentation. Filing 8 at 4 (¶ 19); Filing 8-1 at 1 (February 25, 2026, Notice to Appear).

Federal Respondents agree with Daci that an IJ held a bond hearing for Daci on April 1, 2026, but found that the immigration court did not have jurisdiction because Daci was an applicant

3

for admission subject to mandatory custody under INA § 235(b)(2)(A). Filing 8 at 4 (¶ 20). Their

evidence shows further that on May 19, 2026, an IJ denied Daci all forms of relief and ordered

him removed from the United States to Albania. Filing 8 at 4 (¶ 22); Filing 8-2 at 1–4 (May 19,

2026, Order of the Immigration Judge). Daci waived appeal and remains detained in the McCook

Detention Center in McCook, Nebraska. Filing 8 at 4 (¶ 22–23); Filing 8-2 at 1–4 (May 19, 2026,

Order of the Immigration Judge).

## II. LEGAL ANALYSIS

### A. Applicable Standards

Federal Rule of Civil Procedure 12(b)(1) provides for a pre-answer motion to dismiss for

"lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The specific challenge to subject-

matter jurisdiction in this case is "mootness." "Constitutional mootness is jurisdictional and

derives from the case-or-controversy requirement of Article III." *Humphrey v. Christopher*, 146

F.4th 682, 689 (8th Cir. 2025) (quoting *In re Stanford*, 17 F.4th 116, 121 (11th Cir. 2021)). Thus,

> "[i]f the issues presented are no longer live or the parties lack a cognizable interest
> in the outcome, a case or controversy under Article III no longer exists because the
> litigation has become moot." *Allan v. Minnesota Dep't of Hum. Servs.*, 127 F.4th
> 717, 720 (8th Cir. 2025). A case is moot "only when it is impossible for a court to
> grant any effectual relief whatever to the prevailing party." *Cardiovascular Sys.,
> Inc. v. Cardio Flow, Inc.*, 37 F.4th 1357, 1362 (8th Cir. 2022).

*Sorcan v. Rock Ridge Sch. Dist.*, 131 F.4th 646, 649–50 (8th Cir. 2025). To put it another way, "a

party loses a cognizable interest when changed circumstances already provide the requested relief

and eliminate the need for court action." *Allan v. Minnesota Dep't of Hum. Servs.*, 127 F.4th 717,

720 (8th Cir. 2025) (quoting *Brazil v. Ark. Dep't of Hum. Servs.*, 892 F.3d 957, 959 (8th Cir. 2018)

(internal quotation marks omitted)).

Beyond Article III mootness, a court may "treat [a] case as moot for prudential reasons."

*Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (quotations omitted)). Prudential mootness,

"[t]he cousin of the mootness doctrine, in its strict Article III sense, is a melange of doctrines

4

relating to the court's discretion in matters of remedy and judicial administration." *Id.* (citation omitted). Essentially, the question of prudential mootness arises when "prudential concerns may militate against the use of judicial power." *Id.* Thus, even if a case is not moot in the Article III sense, it may be dismissed for prudential mootness where, for example, there are "myriad" uncertainties as to relevant circumstances or the court is not presently able to provide an effective remedy at the time. *Id.*

### B.  Daci's Petition Is Moot in both Article III and Prudential Senses

In this case, the Court agrees with Federal Respondents that Daci's claim for habeas relief is moot in both the Article III sense and the prudential sense. Filing 9 at 5. The record shows beyond dispute—and Daci has offered no dispute—that the parties no longer have a "live" or "cognizable" interest in the outcome of the case. *Sorcan*, 131 F.4th at 649–50 (citation omitted). Any question of whether Daci's constitutional challenge to the lack of a bond hearing while in removal proceedings is no longer "live" where the removal proceedings have run their course, Daci has been ordered removed, and he has waived his appeal. Filing 8 at 4 (¶ 22–23); Filing 8-2 at 1–4 (May 19, 2026, Order of the Immigration Judge). Even if the Court were to consider that constitutional challenge, the Court would be unable to grant any effectual relief whatever to Daci because he is no longer in removal proceedings but has been ordered removed. *Id.* at 650 (citation omitted). After an administrative determination of removal becomes final, an alien is subject to mandatory detention. 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). To put it another way, Daci has lost a cognizable interest in his constitutional challenge because changed circumstances have made the relief that he seeks unavailable and have eliminated the need for court action. *See Allan*, 127 F.4th at 720 (citation omitted).

5

Even if there were some argument that Daci's Petition is not moot in an Article III sense—and Daci has not asserted any such argument—the Court would decline to exercise subject-matter jurisdiction under the prudential mootness doctrine. *See Ali,* 419 F.3d at 724. It is uncertain or doubtful that Daci would ever again be subjected to detention prior to a final removal determination. *Id.* (noting "uncertainties" may warrant a prudential mootness determination). The Court also can provide no effective remedy on that claim at this time. *Id.* Perhaps most importantly, "prudential concerns [here] militate against the use of judicial power." *Id.* The Court declines to entertain a constitutional claim when it is strictly an as-applied challenge in circumstances where a claimant is no longer subject to the allegedly unconstitutional treatment, as any resulting determination would amount to an advisory opinion.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1.      Federal Respondents Motion to Dismiss for Mootness, Filing 6, is granted; and

2.      Daci's Petition for Writ of Habeas Corpus, Filing 1, is denied in its entirety.

Dated this 6th day of July, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

6